## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

DEMETRIOUS SCOTT NERO,                )
                                      )
              Plaintiff,              )
                                      )
v.                                    )        Case No. CIV–22–370–PRW
                                      )
STATE OF OKLAHOMA                     )
                                      )
              Defendant.              )

## ORDER

Before the Court is United States Magistrate Judge Shon T. Erwin's Report & Recommendation (Dkt. 16), recommending the Complaint in the above titled case be dismissed in its entirety, and Plaintiff Demetrious Scott Nero's Objection and Response to the Assigned Magistrate Report & Recommendation Submitted to District Judge (Dkt. 17). For the reasons below, the Court **ADOPTS** the Report & Recommendation (Dkt. 16) in part and **DISMISSES** the Complaint (Dkt. 1).

### *Background*

Nero, an inmate in the custody of the Oklahoma Department of Corrections, filed this lawsuit against the State of Oklahoma. The State is the sole defendant in this case. Nero claims that the State violated the Fourteenth Amendment to the United States Constitution's Privileges or Immunities Clause by enacting Okla. Stat. tit. 21, § 65. That statute provides that "[a] sentence of imprisonment under the Department of Corrections

suspends all the civil rights of the person so sentenced . . . during confinement under said sentence."[1] Nero seeks monetary damages and declaratory relief.

Importantly, Nero's Complaint asserts that this Court has jurisdiction under 28 U.S.C. § 2201, known as the Declaratory Judgement Act.[2] That statute provides that "in a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."[3] Congress passed this "procedural" statute to provide federal courts with an additional remedy in otherwise existing cases and controversies.[4] Nero's Complaint does not assert any other basis for a cause of action. He specifically declined to assert jurisdiction pursuant to 42 U.S.C. § 1983, the federal cause of action typically used to sue state officials for violations of constitutional rights.[5]

The case was referred to Magistrate Judge Shon T. Erwin, who issued a Report & Recommendation recommending that the Court dismiss Nero's Complaint, without

---

[1] Okla. Stat. tit. 21, § 65. The statute carves out a limited exception for the "right to make employment contracts." *Id.*

[2] *See* Compl. (Dkt. 1), at 2.

[3] 28 U.S.C. § 2201.

[4] *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–41 (1937).

[5] The "Pro Se Prisoner Civil Rights Complaint" form used by Nero includes a section to indicate what statute "[j]urisdiction is asserted pursuant to." *See* Compl. (Dkt. 1), at 2. That section includes an option for prisoners to select section 1983 and 28 U.S.C. § 1343(a)(3), the statute conferring jurisdiction on federal district courts to hear section 1983 claims. Nero did not select this option. Instead, he chose the catchall option to be used "[i]f you want to assert jurisdiction under different or additional statutes," and wrote in "Declaratory Judgment 28 U.S.C. § 2201." Compl. (Dkt. 1), at 2.

prejudice.[6] Magistrate Judge Erwin concluded that Eleventh Amendment state sovereign immunity bars any lawsuit against the State of Oklahoma, and since the State is the only defendant in this case, the Complaint must be dismissed in its entirety.

Nero timely filed an objection and response (Dkt. 17), raising one main objection. He argues that his claim arises solely under section 2201, a statute which he claims waives the State's immunity from suit. Magistrate Judge Erwin erred, according to Nero, by applying section 1983 precedents related to sovereign immunity when an appropriate application of section 2201 would lead to the conclusion that his suit is not barred by sovereign immunity.

## *Discussion*

In his Report & Recommendation, Magistrate Judge Erwin reached the correct conclusion: Nero's claims must be dismissed. Magistrate Judge Erwin appears to have construed Nero's claims to arise under section 1983.[7] But Nero's Complaint specifically declined to assert jurisdiction pursuant to section 1983.[8] And his response to the Report & Recommendation again specifically declined to rely on section 1983.[9] Instead, Nero asserts

---

[6] R. & R. (Dkt. 16), at 4.

[7] R. & R. (Dkt. 16), at 3–4.

[8] *See* Compl. (Dkt. 1), at 2. It appears that Nero may have purposely done so to avoid state sovereign immunity under section 1983. His response to the Report & Recommendation seems to assert that he consciously decided to rely only on section 2201 under the (mistaken) belief that the statute waives the State's sovereign immunity. *See* Pl.'s Objection to R. & R. (Dkt. 17), at 1–3.

[9] *See* Pl.'s Objection to R. & R. (Dkt. 17), at 1–2.

that this Court has jurisdiction under 28 U.S.C. § 2201.[10] But the Tenth Circuit has determined that section 2201 only creates a remedy and "does not confer jurisdiction upon federal courts, so the power to issue declaratory judgments must lie in some independent basis of jurisdiction."[11] Nero does not assert any other basis for a cause of action—the vehicle that empowers a plaintiff to go to court and enforce their rights—so his Complaint must be dismissed.

Nero's objection and response focuses solely on Magistrate Judge Erwin's failure to consider whether section 2201 abrogates Oklahoma's sovereign immunity. But without pleading a valid cause of action, that question is irrelevant. The lack of cause of action requires dismissal without even addressing the issue of sovereign immunity. But to be clear, section 2201 does not abrogate state sovereign immunity.[12] "To determine whether a federal statute properly subjects States to suits by individuals, [courts] apply a 'simple but stringent test: Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute.'"[13] There is no unmistakably clear language in section 2201; the statute

---

[10] *See* Compl. (Dkt. 1), at 2; Pl.'s Objection to R. & R. (Dkt. 17), at 1–3.

[11] *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th Cir. 1996) (citations omitted); *see also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–74 (1950).

[12] *See Wells Fargo Bank v. Southeastern New Mexico Affordable Housing Corp.*, 877 F. Supp. 2d 1115, 1160 (D.N.M. 2012).

[13] *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000) (quoting *Dellmuth v. Muth*, 491 U.S. 223, 228 (1985)).

4

makes no mention of sovereign immunity at all. So, to the extent that Nero could find an initial basis for a cause of action, section 2201 does not provide a basis to abrogate state sovereign immunity.

Even if Nero's Complaint could be construed as bringing a cause of action arising under 42 U.S.C. § 1983, Magistrate Judge Erwin correctly concluded that sovereign immunity requires dismissal of the action. The Eleventh Amendment broadly prohibits a federal court from hearing a claim against a state, unless the state consents to the suit at issue,[14] Congress abrogates the state's immunity through its Reconstruction amendment enforcement powers,[15] or the "States agreed their sovereignty would yield as part of the 'plan of the Convention'—that is, if the structure of the original Constitution itself reflects a waiver of the States' sovereign immunity."[16] Here, "Oklahoma has not waived sovereign immunity against section 1983 claims in federal district court."[17] Nor has Congress abrogated state sovereign immunity under section 1983.[18] And there is no argument that

---

[14] *See Sossaman v. Texas*, 563 U.S. 277, 284 (2011).

[15] *See Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976).

[16] *Torres v. Texas Dep't of Public Safety*, 597 U.S. __ (2022) (slip op., at 4) (internal citations & quotation marks omitted)

[17] *Callahan v, Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006).

[18] *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64–71 (1989); *Muscogee (Creek) Nation v. Oklahoma Tax Comm'n*, 611 F.3d 1222, 1227–28 (10th Cir. 2010).

the State consented to this type of suit as part of the "plan of the Convention." Thus, sovereign immunity would bar Nero's claim.[19]

### *Conclusion*

Nero has failed to demonstrate that Magistrate Judge Erwin's bottom–line conclusion—that the Complaint must be dismissed—is erroneous. Accordingly, the Court **ADOPTS** the Report & Recommendation (Dkt. 16) in part and **DISMISSES** the Complaint (Dkt. 1) in its entirety, without prejudice. Because this case is being dismissed, the Court also **DENIES AS MOOT** Plaintiff's Motion for Summary Judgment (Dkt. 11) and Motion to Issue Summons (Dkt. 12).

**IT IS SO ORDERED** this 1st day of July 2022.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[19] Although not raised by Nero or Magistrate Judge Erwin, construing Nero's claim as an *Ex parte Young*, 209 U.S. 123 (1908), action would not save his suit. *Ex parte Young* provides a basis for suing state *officers*, 209 U.S. at 159–60, but not the state itself. Here, Nero sued the State—not any of the State's officers—and thus falls outside the scope of *Ex parte Young*. *See Thompson v. Colorado*, 278 F.3d 1020, 1224–25 (10th Cir. 2001) ("Because no state official has been named as a defendant in this suit, however, the *Ex parte Young* exception to Eleventh Amendment immunity is not appropriate."), *abrogated on other grounds by Guttman v. Khasla*, 446 F.3d 1027 (10th Cir. 2006).